FILED
SUPERIOR COURT
OF GUAM

2024 JAN -4 PM 2:26

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VERONICA L.G. PATAO and JOHNNIE L. PATAO,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>SOUTH PACIFIC PETROLEUM CORPORATION,<br><br>                    Defendant. | CIVIL CASE NO. CV0379-23<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Dismiss and Motion to Strike* |

### <u>INTRODUCTION</u>

This matter came before the Honorable Arthur R. Barcinas on October 5, 2023, for a hearing on Defendant South Pacific Petroleum Corporation's ("Defendant") Motion to Dismiss and Motion to Strike. Present at the hearing were: Attorney Joshua Walsh for Plaintiffs Veronica L.G. Patao and Johnnie L. Patao (collectively, "Plaintiffs"), and Attorney Mitchell Thompson for Defendant. Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Strike.

### <u>BACKGROUND</u>

The case at bar arises from Plaintiff's Complaint, which Plaintiff filed on June 23, 2023. On July 24, 2023, Defendant filed a Motion to Dismiss Plaintiffs Claim for Negligent Infliction of Emotional Distress pursuant to Guam Rule of Civil Procedure ("GRCP") 12(b)(6), for failure to state a claim upon which relief can be granted; and a Motion to Strike the requests for an

award of pre-judgment interest and for attorneys' fees from Plaintiffs' Complaint, pursuant to GRCP 12(f). Defendant claims that the basis for the motion to strike is that there is no basis for the award of pre-judgment interest or attorneys' fees for the causes of action for personal injury, all based on common law torts, alleged in Plaintiffs' Complaint. Plaintiffs filed their Opposition to Motion to Dismiss and Motion to Strike on August 21, 2023, and Defendant filed its Reply on September 5, 2023. On October 5, 2023, the Court held a hearing on both motions, after which the Court took the matter under advisement.

## DISCUSSION

### I. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED—GRCP 12(B)(6)

GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau v. Wang*, 2016 Guam 26 ¶ 26(quoting *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52). Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id.* at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor." *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, the Court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech,* 2010 Guam 13 ¶ 29.

Further, GRCP Rule 8 provides, in relevant part that "[a] pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau* 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see also Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," and instead endorsed the *Conley* standard: "A complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Guam 26 ¶¶ 26 – 27(citing *Core Tech*, 2010 Guam 13 ¶ 52).

### a. Negligent Infliction of Emotional Distress ("NIED")

The Guam Supreme Court has held that the elements of NIED are (1) extreme and outrageous conduct by the defendant; and (2) the defendant should have realized that his conduct posed an unreasonable risk of causing distress that might result in illness or bodily harm. *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 78.

The inquiry before the Court is whether Defendant provides a short and plain statement of its claim for negligent infliction of emotional distress such that it gives Plaintiff fair notice and the grounds upon which it rests.

Defendant argues that Plaintiffs fail to allege facts sufficient to support an NIED claim because the alleged negligence was not extreme and outrageous as a matter of law. Defendant

argues that Plaintiffs' Complaint only alleges that Defendant was negligent by stating that Defendant's employee placing two containers of soup in a stack and then placing said stack into a bag. Mot., at 3. Defendant argues that, as a matter of law, such alleged conduct fails to meet the type of conduct required to be considered extreme and dangerous. *Id.*

Plaintiffs counter that they are not proceeding under the usual form of NIED, but are instead seeking recovery under the bystander variety of NIED. Bystander cases are cases in which the plaintiff was not physically impacted or injured, but instead witnessed someone else being injured due to the defendant's negligence. *See, e.g.,* 6 Witkin, Summary of Cal. Law (9th Ed. 1988) Torts 841 *et seq.* The distinction between the "bystander" theory and the "direct victim" theory of NIED lies in the source of the duty owed by the defendant to the plaintiff. *Huggins v. Longs Drug Stores California, Inc.,* 862 P.2d 148, 151 (Cal. 1993). Bystander claims are typically based on breach of a duty owed to the public in general, whereas a right to recover for emotional distress as a "direct victim" arises from the breach of a duty that is assumed by the defendant or imposed on the defendant as a matter of law. *Id.*

However, under either theory, the Court finds that the allegations are sufficient to bring a claim for negligent infliction of emotional distress. While Defendant may argue that its conduct is not sufficiently extreme and outrageous, that is not the object of the Court's deliberation in considering a 12(b)(6) motion. The relevant matter is whether Plaintiffs have sufficiently *pleaded* their claim for NIED, i.e., whether Defendant has been given fair notice of what the claim is and the grounds on which the NIED claim rests. Viewing the pleadings in the light most favorable to Plaintiffs as the non-moving party, the Court finds that Plaintiffs have met that bar. The Court can only dismiss Plaintiffs' claim if it appears beyond reasonable doubt that they can prove no set of facts in support of their claim which may entitle them to relief, and that is not the case here. Therefore, Defendant's Motion to Dismiss is **DENIED**.

## II. MOTION TO STRIKE

Defendant also moves to strike the part of Plaintiffs' prayer of relief requesting attorney's fees and pre-judgment interest, arguing that those two types of relief are not recoverable in personal injury claims. Mot., at 9.

Defendant argues in the Motion to Strike that Guam follows the American Rule, claiming that, under the American Rule, a party generally may not recover attorneys' fees on tort claims. Mot., at 10 (citing *Fleming v. Quigley*, 2003 Guam 4 ¶¶ 13, 20). "[U]nder the American Rule, attorney's fees are generally not recoverable unless authorized by statute, contract, or under equitable circumstances. The American Rule applies generally to tort cases." *Quigley*, 2003 Guam 4 ¶ 20. Defendant further argues that, under Guam law, "a party may only recover pre-judgment interest if [their] claim is certain or capable of being made certain by calculation." Mot. Strike, at 11 (citing *Asia Pacific Hotel Guam, Inc. V. Dongbu Ins. Co., Ltd.*, 2011 Guam 18 ¶ 32). Defendants argue that pre-judgment interest is not allowed when there is a dispute between the parties as to the amount of damages, which then depends on a judicial determination based on conflicting evidence. *Id.* (citing *Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12 ¶ 68.

In their opposition, Plaintiffs argue that Defendant's arguments against Plaintiffs recovering attorney's fees and pre-judgment interest do not meet the standard of GRCP 12(f), because a request for attorney's fees or pre-judgment interest is not "redundant, immaterial, impertinent, or scandalous to the Complaint." Opp. Mot. Strike, at 8 (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-974 (9th Cir. 2010) (denying motion to strike claim for lost profits and consequential damages because it was "quite clear that none of the five categories covers the allegations in the pleading sought to be stricken"). The Court agrees.

A party may move the Court to strike any insufficient defense or otherwise "redundant, immaterial, impertinent, or scandalous matter[s]" from any pleading under G.R.C.P. 12(f). *See* Guam R. Civ. P. 12(f). The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone Inc., v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citations omitted). The Court finds that neither the attorney's fees nor the prejudgment interest sought by Plaintiffs fall into any of the five categories mandated by GRCP 12(f). Furthermore, the Ninth Circuit has held that, where a party moves for damages to be stricken from a complaint because such damages are precluded by law, that motion is characterized as either an attempt to have certain portions of the non-moving party's complaint dismissed or to obtain summary judgment against the non-moving party as to those portions of the suit. *Id.*, at 974. Those actions are better suited for a GRCP 12(b)(6) motion or a GRCP 56 motion, not a GRCP 12(f) motion. *Id.* ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'") (citing *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). "Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading (as [Defendant] would have us do here), we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Id.*

The Court therefore **DENIES** Defendant's Motion to Strike for procedural reasons.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendant's Motion to Dismiss and Motion to Strike.

**IT IS SO ORDERED** ___JAN 0 4 2024___.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam